# IN THE COURT OF APPEALS OF IOWA

No. 19-1206
Filed February 19, 2020

**MICHAEL JON TOOM,**
Plaintiff-Appellant,

**vs.**

**SARAH JOANN OPIOL,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

A father seeks an order for joint legal custody and physical care of a child. **AFFIRMED.**

J. Nick Capellupo of Viner Law Firm, P.C., Cedar Rapids, for appellant.

David Burbidge of Johnston, Stannard, Klesner, Burbidge & Fitzgerald, P.L.C., Iowa City, for appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

Michael Toom seeks a custody order for joint legal custody and physical care of his child with Sarah Opiol. Because we find Iowa does not have jurisdiction to make an initial child-custody determination under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), we affirm.

## I. Background Facts & Proceedings

Toom and Opiol began a relationship in early May 2017. In 2018, Opiol became pregnant. In December 2018, Opiol told Toom she would move to Florida if their relationship did not improve. In April 2019, Opiol moved to Florida and two weeks later gave birth. Toom remained in Iowa.

On May 21, Toom filed a petition in Linn County, Iowa, to establish custody, visitation, and child support. Toom requested joint legal custody and shared physical care of the child.[1]

Opiol filed a motion to dismiss, challenging Iowa's jurisdiction under the UCCJEA, Iowa Code chapter 598B (2019). Opiol stated the child was born in and had never left Florida—making Florida the home jurisdiction of the child, and the only state with jurisdiction to make an initial custody determination.

The district court found it did not have jurisdiction to make an initial child custody determination under the UCCJEA and granted Opiol's motion to dismiss.

Toom appeals.

---

[1] In the alternative, Toom requested that he be granted physical care of the child with liberal visitation for Opiol.

## II. Standard of Review

We review questions of subject matter jurisdiction under the UCCJEA de novo. *In re Jorgensen*, 627 N.W.2d 550, 555 (Iowa 2001).

## III. Jurisdiction

Toom claims Opiol's significant connections to Iowa and her move to Florida mere weeks before the child's birth should provide Iowa with jurisdiction. He also argues on appeal that Florida should decline jurisdiction because Iowa is a more appropriate forum.

Iowa Code section 598B.201 specifies four conditions under which Iowa has the jurisdiction to make an initial child-custody determination:

> (a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
> (b) A court of another state does not have jurisdiction under paragraph "a", or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 598B.207 or 598B.208 and both of the following apply:
>> (1) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
>> (2) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
> (c) All courts having jurisdiction under paragraph "a" or "b" have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 598B.207 or 598B.208.
> (d) No court of any other state would have jurisdiction under the criteria specified in paragraph "a", "b", or "c".

Iowa Code § 598B.201(1).

"Home state" is defined as the state where a child has lived with a parent or guardian for at least six months. *Id.* § 598B.102(7). If the child is less than six months old, it is "the state where the child has lived from birth" with a parent. *Id.* Based on this definition, Florida is the child's home state for purposes of jurisdiction under the UCCJEA.

Toom concedes the child was born in Florida, but contends Iowa should still be the home state as Opiol moved to Florida only two weeks before giving birth. Toom has provided no authority that a mother's home state while the child is still in utero should be considered the child's home state after birth, and we decline to read the extension into the statutory definition of home state.

Toom also requests that Florida decline jurisdiction in his appeal to this court. While Iowa may have jurisdiction if Florida were to decline jurisdiction, we have no authority to direct the court of a different state to decline jurisdiction it would otherwise have.[2]

## IV. Appellate Attorney Fees.

Both parties seek appellate attorney fees. Under the UCCJEA, "The court shall award the prevailing party . . . necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney fees . . . unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate." *Id.* § 598B.312. We award Opiol $1000 in appellate attorney fees. Costs of the appeal are assessed to Toom.

**AFFIRMED.**

---

[2] Should Toom obtain an order from the appropriate Florida court declining jurisdiction on the ground Iowa is a more appropriate forum, he can refile his Iowa petition for custody and physical care.